UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DAVID LEE RODNEY,

                Petitioner,

        -against-

DENNIS BRESLIN, Superintendent of
Arthur Kill Correctional Facility,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-4519 (SLT)

TOWNES, United States District Judge:

      Petitioner David Lee Rodney, who is currently incarcerated at Arthur Kill Correctional Facility pursuant to a New York State judgment of conviction, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254 ("§ 2254"). Petitioner's request to proceed *in forma pauperis* is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

Background

      Petitioner pled guilty to several charges in New York Supreme Court, Kings County, and was convicted and sentenced on September 9, 1980. Petitioner alleges that he filed a timely Notice of Appeal and was assigned counsel by the New York Supreme Court, Appellate Division, Second Department. According to Petitioner, assigned counsel, Candace Kurtz, never contacted him, failed to perfect his appeal, and failed to withdraw from the case to permit another attorney to prosecute the case. On June 17, 1983, the Appellate Division dismissed the appeal as abandoned. It does not appear that Petitioner took any further action to challenge his conviction until August 11, 2006, when he filed a petition for a Writ of Error Coram Nobis in the Appellate

Division, which was denied on October 5, 2006. Thereafter, Petitioner filed a motion to reargue the petition, which was denied on October 23, 2006. He then sought leave to appeal to the Court of Appeals, which denied the application on February 21, 2007. People v. Rodney, 8 N.Y. 3d 884 (2007).

Petitioner was also convicted on a separate indictment and sentenced on September 9, 1981. He apparently perfected that appeal and it was denied by the Appellate Division on March 10, 1986. People v. Rodney, 499 N.Y.S. 2d 891 (App. Div. 1986). He does not appear to be challenging that conviction in this petition.

The instant petition, dated October 24, 2007, was received by the United States District Court for the Eastern District of New York on October 25, 2007. The only claim Petitioner raises is the ineffective assistance of appellate counsel in violation of his Sixth Amendment right to counsel. He asks this Court to vacate the conviction or, in the alternative, to reinstate his appeal.

Discussion

### I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. §2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitions filed after the enactment of AEDPA, but challenging convictions entered before its effective date have been granted a one-year grace period following the effective date of the AEDPA, in which to file a habeas corpus petition. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).

If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may also be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (*per curiam*), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d

129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)); see also Day, 547 U.S. at 210 ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").

II. Application of the Law to this Case

The facts alleged in the petition in this case suggest that petitioner's application for habeas corpus relief pursuant to § 2254 is time-barred. Petitioner's conviction became final on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, pursuant to 28 U.S.C. §2244(d)(1)(A). Petitioner's appeal was dismissed on June 17, 1983. As petitioner did not pursue his appeal to a higher appellate court, the judgment of conviction became final on July 18, 1983, thirty days (not including the

Sunday on which the 30th day fell) after the Appellate Division dismissed the appeal, when the time to seek leave to appeal to the New York Court of Appeals had expired. See N.Y.Crim. P. § 460.10(5)(a); accord Hanks v. Ekpe, Docket No. 04-CV-6215L, 2007 WL 3077030, *3 (W.D.N.Y., Oct. 19, 2007).

As petitioner's judgment of conviction became final before the AEDPA established a one-year statute of limitations, he is entitled to a one-year grace period following the effective date of the AEDPA, in which to file a habeas corpus petition. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Thus, if 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had until April 24, 1997 to file his petition.

In this case, petitioner argues that his conviction has not yet become final, because his appointed counsel failed to perfect his appeal. Petitioner is mistaken. While counsel's failure to perfect the appeal may have deprived him of his constitutional right to counsel, the Appellate Division nonetheless dismissed the appeal as abandoned, on June 16, 1983,[1] thereby concluding direct review and rendering the conviction final for purposes of 28 U.S.C. §2244(d)(1)(A).

However, the statute of limitations begins to run on the latest of a series of triggering events, and not exclusively the conclusion of direct review as described in 28 U.S.C. §2244(d)(1)(A). In this case, Petitioner's allegations could be construed as a claim under 28

---

[1] The rules of the Appellate Division, Second Department provide that "an unperfected criminal appeal by a defendant shall be deemed abandoned in all cases where no application has been made by the defendant for the assignment of counsel to prosecute the appeal within nine months of the date of the notice of appeal unless the time to perfect shall have been extended," but are silent as to the impact of assigned counsel's failure to perfect the appeal. 22 NY ADC § 670.8(f). If petitioner believed that the Appellate Division erred in dismissing his appeal as abandoned, the appropriate course of action was to appeal that decision to the New York Court of Appeals.

U.S.C. §2244(d)(1)(D) that the limitations period should not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner's only claim is that he was denied the effective assistance of counsel on appeal, a claim premised on counsel's failure to perfect his appeal. The limitations period on this claim would not begin to run until petitioner could have discovered, through the exercise of due diligence, his counsel's alleged malfeasance. However, this new tolling date is of little use to petitioner, as counsel's failure became apparent at the time the Appellate Division dismissed the appeal as abandoned, on June 17, 1983. Accordingly, under both 28 U.S.C. §2244(d)(1)(A) and (D), the statute of limitations began to run in 1983 and expired on either June 18, 1984 or July 18, 1984. Thus, by the time petitioner began his collateral attacks on his conviction, on August 11, 2006, the statute of limitations had long since expired.

Petitioner blames the "misrepresentation of counsel" (Petition at 10) for the failure to perfect his appeal, but offers no excuse for his own failure to seek collateral challenges within the limitations period. The Court of Appeals for the Second Circuit has held that "an attorney's conduct, if it is sufficiently egregious, may constitute the sort of "extraordinary circumstances" that would justify the application of equitable tolling to the one-year limitations period of AEDPA." Baldayaque v. United States, 338 F.3d 145, 152-153 (2d Cir. 2003). Here, the alleged misrepresentation by counsel is invoked to excuse petitioner's failure to perfect his appeal, not to seek equitable tolling of AEDPA's statute of limitations for filing a habeas petition pursuant to § 2254.

Petitioner is therefore directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA's statute of limitations should not bar the instant petition.[2] See Day, 547 U.S. at 210; Acosta, 221 F.3d at 125. Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order.

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November 8, 2007

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DAVID LEE RODNEY,

                Petitioner,

     -against-

DENNIS BRESLIN, Superintendent of
Arthur Kill Correctional Facility,

                Respondent.
--------------------------------------------------------x

**PETITIONER'S AFFIRMATION**

07-CV-4519 (SLT)

STATE OF NEW YORK    }
                               } ss:
COUNTY OF _____    }

       I, DAVID LEE RODNEY, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 2007. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

2.    In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____

                                                _____
                                                Signature

                                                _____
                                                Address

                                                _____

                                                _____
                                                City, State & ZIP