```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```
DAVID LEE RODNEY,

                Petitioner,            **MEMORANDUM and ORDER**

       — against —                          07-CV-4519 (SLT)(RML)

DENNIS BRESLIN, Superintendent of
Arthur Kill Correctional Facility,

                Respondent.
```
------------------------------------------------------------X
```
**TOWNES, United States District Judge**:

      Petitioner *pro se*, David Lee Rodney ("petitioner" or "Rodney"), seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1980 Kings County conviction for Robbery in the First Degree, Robbery in the Second Degree, Assault in the Second Degree, and Criminal Possession of a Weapon in the Second Degree. (Pet. at ¶ 6.) By Order, dated November 8, 2007, this Court directed petitioner to show cause why the petition should not be dismissed as time-barred. Petitioner's affirmation, received December 10, 2007, fails to demonstrate that his petition is timely or that petitioner is entitled to equitable tolling of the statute of limitations.[1] The petition is, therefore, dismissed as time-barred.

## BACKGROUND

      According to the petitioner, he was convicted and sentenced on September 9, 1980, and his assigned counsel, Candace Kurtz, filed a notice of appeal. Thereafter, Rodney asserts that appellate counsel neither contacted him nor perfected the appeal. The Supreme Court of the State of New York, Appellate Division, Second Department ("Appellate Division") dismissed

---

[1] By Order, dated January 16, 2008, the Court directed the Respondent to respond to the petition. No response was received by the Court. Having carefully considered the representations of petitioner contained in the Petition and the Affirmation, the Court finds that no response is necessary to determine that the Petition is untimely.

the appeal as abandoned on June 17, 1983.  Petitioner did not pursue this appeal to the New York Court of Appeals.  Accordingly, his judgment of conviction became final, for purposes of 28 U.S.C. § 2244(d)(1)(A), on July 18, 1983, when the time for seeking further direct review expired.[2]

In his petition, Rodney claims he filed a writ of *error coram nobis* on August 11, 2006, alleging ineffective assistance of appellate counsel due to appellate counsel's alleged failure to perfect the appeal.  (Pet. ¶ 11.)   Rodney does not attach a copy of his application.  By Order, dated October 5, 2006, the Appellate Division denied Rodney's application for a writ of *error coram nobis* to vacate the decision and order by the Appellate Division dated June 17, 1983, which dismissed, as abandoned, an appeal from a judgment of conviction of the trial court.  The Appellate Division also denied Rodneys' request to have his appeal reinstated.  (Pet. at Ex. A (Decision and Order)).  Later in October 2006, Rodney moved for reargument.[3]  (Pet. ¶ 11.)  By Order, dated February 20, 2007, the Appellate Division denied Rodney's motion for leave to reargue his writ of *error coram nobis*.  (Pet. at Ex. B (Decision and Order)).  The New York Court of Appeals denied leave to appeal on February 21, 2007.  (Pet. at Ex. C (Certificate)).  Rodney's 28 U.S.C. § 2254 petition followed.

---

[2]This date is 30 days (not including the Sunday on which the 30th day fell) after the Appellate Division dismissed his direct appeal.  *See* N.Y. Crim. P. § 460.10(5)(a); *accord Hanks v. Ekpe*, Docket No. 04-CV-6215L, 2007 WL 3077030, at *3 (W.D.N.Y. Oct. 19, 2007).

[3]Rodney does not include a copy of this motion.  But his petition, in the grounds raised section, provides Rodney's basis for reargument: "No affidavit or relevant correspondence with the defendant was submitted by counsel.  Twice the court asked counsel to submit some form of affidavit or correspondence with the defendant, and counsel declined.  Respondent attributed several statements to counsel in her brief to the court.  These statements cannot be assumed to be true, because when asked by the courts to submit an affidavit to substantiate these statements, Respondent and counsel declined to honor the court's requests."  (Pet. ¶ 11.)

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year period of limitations for the filing of an application for a writ of *habeas corpus* by a person in custody pursuant to a State court judgment. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioners filing after the enactment of AEDPA, but challenging convictions entered before its effective date, were granted a one-year grace period following the effective date of the AEDPA. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). This grace period in which to file a *habeas corpus* petition ended on April 24, 1997.

*A.     Finality of the Judgment of Conviction*

The Court provided petitioner an additional opportunity to be heard on the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) ("[B]efore acting on its own

3

initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000) ("[U]nless it is unmistakably clear . . . that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard."). In his affirmation, Petitioner argues that his conviction has not yet become final, because his appointed counsel failed to perfect his appeal. (Petition at 10; Affirmation ¶ 11.) Petitioner is mistaken. While counsel's failure to perfect the appeal may provide a basis for a constitutional claim regarding his right to counsel on appeal, it does not affect the finality of the conviction. The Appellate Division dismissed the appeal as abandoned, on June 17, 1983. If petitioner believed that the Appellate Division erred in dismissing his appeal as abandoned, the appropriate course of action was to appeal that decision to the New York Court of Appeals. As petitioner did not pursue any further direct review, the judgment of conviction became final on July 18, 1983. This date is prior to the AEDPA's effective date, and so petitioner had until April 24, 1997 to file a *habeas corpus* petition, unless the date may be extended by the application of 28 U.S.C. § 2244(d)(1)(B)-(D).

**B.    28 U.S.C. § 2244(d)(1)(D)**

In light of petitioner's *pro se* status, the Court has considered whether he might assert a later date for commencing the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D). Where applicable, subsection (D) resets the beginning of the statute of limitations as "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, Petitioner claims that he was denied the effective assistance of counsel on appeal, a claim premised on counsel's failure to

perfect his appeal. Under 28 U.S.C. § 2244(d)(1)(D), the limitations period on this claim would not begin to run until petitioner could have discovered, through the exercise of due diligence, his counsel's alleged malfeasance.

Counsel's failure became apparent at the time the Appellate Division dismissed the appeal as abandoned, on June 17, 1983. However, petitioner asserts that neither the Appellate Division nor his assigned counsel contacted him and "made him aware that his case was dismissed because counsel failed to perfect his appeal." (Affirmation ¶ 3.) It is not clear whether petitioner is claiming that he never received notice of the dismissal, or rather, that he did but he failed to understand at the time that dismissal of the appeal resulted because of counsel's failure. Petitioner asserts that he learned that he was entitled to a direct appeal and that counsel's failure to perfect the appeal violated his constitutional rights "shortly before petitioner submitted his Petition for Writ of Error Coram Nobis." (Affirmation ¶¶ 3, 11.) He provides no date for this discovery.

Under subsection (D), the relevant date is not the date of petitioner's *actual* knowledge of the *legal* claim, but, rather, when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, the factual predicate of his claim is his counsel's failure to perfect the appeal, not petitioner's realization that this failure violated his right to counsel. The relevant inquiry "is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000) (describing AEDPA's corresponding tolling provision for federal prisoners' claims pursuant to 28 U.S.C. § 2255 and the parallel provision of § 2255(4)). Accordingly, "the date on which the limitations

clock began to tick is a fact-specific issue" and considers the reasonableness of a delay under the petitioner's particular circumstances. *Id.* at 190-91. Those courts which have applied the due diligence requirement found in 28 U.S.C. §§ 2244(d)(1)(D) and 2255(4) have found that delays of several months or several years were reasonable or unreasonable under the unique circumstances of each case.[4]

In this case, the Court finds that it is not necessary to determine when petitioner received official notice from the Appellate Division that his appeal had been dismissed. The status of an appeal is a matter of public record about which inquiry can be made. Although Petitioner claims that he was unaware of his appeal rights in this case, he diligently pursued an appeal in a separate subsequent conviction. (Affirmation ¶¶ 3, 4, 11.) *People v. Rodney*, 499 N.Y.S.2d 891 (N.Y. App. Div. 1986) (affirming petitioner's September 9, 1981 judgment of conviction), *leave to appeal denied*, 67 N.Y.2d 1056 (1986). Yet petitioner waited some 23 years before mounting his first challenge to the dismissal of the appeal of this conviction. The Court finds that this delay is clearly unreasonable, as a duly diligent person in petitioner's circumstances would have inquired and discovered that no appeal had been filed, well before the grace period ended. Accordingly, 28 U.S.C. § 2244(d)(1)(D) may not be applied to reset the statute of limitations beyond April 24, 1997.

C. *Equitable Tolling*

---

[4]*See Wims*, 225 F.3d at 191 (five-month delay may not be unreasonable); *Gonzalez-Ramos v. United States*, No. 05 Civ. 3974, 2007 WL 1288634, at *9 (S.D.N.Y. May 2, 2007) ("[T]he twenty-four-month delay in this case is, on its face, 'clearly unreasonable' and should, alone, operate to bar [petitioner] from habeas relief."); *Rodriguez v. People*, No. 01 Civ. 9374, 2004 U.S. Dist. LEXIS 30158, at *12 (S.D.N.Y. Sept. 1, 2004) (eighteen-month delay not unreasonable where petitioner stated on the record his intention to appeal); *Dumas v. Kelly*, 162 F. Supp. 2d 170, 171 (E.D.N.Y. 2001) (three-and-a-half year delay was reasonable where petitioner asked counsel to appeal and counsel told him it would take four to five years to be decided).

The Court has also considered whether petitioner has presented any basis for equitable tolling of the AEDPA statute of limitations. In order to warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, petitioner asserts that appellate counsel's failure to perfect his appeal and failure to inform him that his appeal had been dismissed is sufficiently egregious to justify the application of equitable tolling. (Affirmation ¶ 11.) He further argues that his delay should be excused on the basis of his lay status and lack of knowledge of the law and legal proceedings. (*Id.* ¶ 12.)

A petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling. *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000); *See also Fennell v. Artuz*, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research, would undermine the AEDPA statute of limitations).

Although "in rare and exceptional circumstances a petitioner may invoke the courts' power to equitably toll the limitations period," *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007) (quotation marks omitted), a petitioner seeking equitable tolling must also demonstrate that he exercised reasonable diligence throughout the period he seeks to toll. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Smith*, 208 F.3d at 17. Assuming, *arguendo*, that petitioner's appellate counsel's failure to perfect the appeal was sufficiently egregious to warrant equitable tolling, petitioner would still have to show that he acted with reasonable diligence, and that extraordinary circumstances prevented him from filing his petition on time. As the Court has already found, petitioner's 23-year delay in acting upon the dismissal of his direct appeal does

7

not demonstrate that he acted with due diligence. Accordingly, there is no basis for equitable tolling.

## **CONCLUSION**

Having considered the claims in the original petition and petitioner's subsequent affirmation, the Court finds that the AEDPA statute of limitations has long-since expired and that there are insufficient grounds for equitable tolling. Accordingly, the petition for a writ of *habeas corpus* is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 3, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge